ROY COOPER, Appellee, v. SHERMAN STEKELENBURG et al., Defendants, Appellants; ELLEN NELSON et al., Impleaded Defendants, Appellees.

No. 45698.

OCTOBER 14, 1941.

Baron & Bolton, for appellee.

Gleysteen, Harper & Sinclair and Crary & Crary, for impleaded defendants, appellees.

Naglestad, Pizey & Johnson, John D. Beardsley, and Prichard & Prichard, for defendants, appellants.

SAGER, J.—In 1888 a decree was filed fixing the boundary lines of the real estate involved herein. In 1924 a second decree was rendered apportioning to the various owners accretions to their respective parcels. This latter decree provided in part that the parties in interest, including Ellen Nelson under whom plaintiff-appellee claims, and the defendant, Isaac Stekelenburg "and their predecessors in title each and all recognized the said decree, and improved by the construction of fences and other improvements the accretion land then formed, in conformity with the terms of the said decree * * *." It was "therefore ordered, adjudged and decreed that the plaintiff, A. T. Bigelow, * * * Ellen E. Nelson, Isaac Stekelenburg * * * are respectively the owners of the portion of the tract of accretion land in controversy made to the tracts of land herein described, * * * all as is more particularly shown * * * upon the plat attached hereto marked Exhibit 'A', entitled 'Map showing portions [of the lands herein involved and others in], Woodbury County, Iowa, with accretions thereto, surveyed by R. V. Fairchild, Onawa, Iowa,' and made a part of this decree and the title to each tract of accretion land, as shown and described upon the said plat, is hereby confirmed in the owner of the land to which the part of the tract of accretion land referred to is attached."

In the proceedings had in 1924 a stipulation was entered into whereby the parties to that suit bound themselves " 'that they and each of them will be bound by such finding and decree as the court shall make at the trial of the above entitled cause dividing the tract of accretion land in controversy between the owners on said bank [of the Missouri River]. * * *' The foregoing stipulation was signed by Ellen E. Nelson, Isaac Stekelenburg, and the other parties to said action."

On April 18, 1940, a hearing was had in the action before

us at which evidence was received as to location of fences, occupation, acquiescence and related matters.

On July 31, 1940, the district court, the Honorable D. C. Browning presiding, made these among other findings:

"That from the pleadings of the parties filed herein and the statements of said parties in open Court, it is conceded by all the parties that the decree of this Court entered in the year 1924 * * * confirming the decree of 1888, with plat attached thereto, sets up properly the boundary lines between the lands in dispute in this cause * * *."

After this and other findings it was decreed "that the division line between the lands in dispute in this cause is the line established by decree of 1888 and confirmed by the decree of 1924 as between the parties to this cause; that B. C. Woolley be, and he hereby is, appointed and commissioned by this Court to locate said line as established by the decree of 1888 and confirmed by the decree of 1924, dividing the lands of the parties to this cause * * *." The decree required the commissioner to make a return at least ten days before the September term of court. Complying with this direction, the commissioner, on August 28, 1940, filed his report with a plat showing the lines established. No exception was taken to this report nor to the decree appointing the commissioner. On September 19, 1940, the court approved the report of the commissioner, there having "been no exceptions filed to said report down to the present date."

It should have been stated that at the inception of these proceedings a temporary injunction had been issued. On the 4th day of October 1940, after the confirmation of the commissioner's report, this injunction was dissolved by the trial court, the Honorable A. O. Wakefield presiding. Among the minor items in controversy was the right to standing corn, a part of which was cut off from the land of appellants. The parties made an agreement between themselves, which was embodied in the ruling dissolving the temporary injunction, that a definite time be given for the removal of the corn. No exception was noted here.

We are satisfied that the trial court was right. We might

base an affirmance on the failure of appellants to take exception to any decree or order of which they complain but we do not find it necessary to do so. A reading of this record conveys the distinct impression that the court was acting throughout with the consent of the parties, express or implied, and that the rulings of the court were in accord with such consent. If this be not so, the decree is nevertheless right. We purposely omit an analysis of the many authorities cited because of the views here expressed.

Agreeing fully with the trial court in its conclusion, its decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.